UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC
2007 FEB 27  A 8: 23

| | |
|---|---|
| **Justin A. Williams**, # 65242, | ) C/A No. 2:07-0350-HFF-RSC |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| **Philip A. Foot**, Director of Beaufort County Detention Center, | ) |
| | ) |
| Respondent. | ) |

# Background of this Case

The petitioner is a pre-trial detainee at the Beaufort County Detention Center, which is located in Beaufort, South Carolina. The petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On the first page of the petition, the petitioner states that he has filed this habeas corpus action "to test the legality of [his] detention, including false arrest, malicious prosecution, tainted confession not made intelligently nor voluntarily[.]" The petitioner raises two grounds in the petition: *(1)* "Tainted confession, not made

1

intelligently nor voluntarily, illegal detention, false arrest[;]" and **(2)** "False Arrest, Illegal Detention[.]"

With respect to these grounds, the petitioner alleges that the police officer, A. Tubbs, ordered him to write out his confession, and told him (the petitioner) that he would make sure he got thirty years if he did not waive his "rights" to counsel. The petitioner also states that he did not know that Brandon Brown was in the store after closing and that he (the petitioner) was not seen on tape with a weapon and did not have construction possession of a firearm during the robbery.

In an order (Entry No. 4) filed in this case on February 8, 2007, the undersigned directed the petitioner to answer Special Interrogatories and to submit a motion to proceed *in forma pauperis*. The petitioner has done so. The above-captioned case is now "in proper form."

The petitioner's Answers to Court's Special Interrogatories (Entry No. 5) reveal that the petitioner has been charged (Warrant No. J-350115) with "Robbery/Armed Robbery while armed or allegedly armed with a deadly weapon[.]" The affidavit for the arrest warrant indicates that the investigating officers determined that the petitioner, then a store employee, assisted in the armed robbery:

2

> That on December 22, 2006, in the town of Blufton, county of Beaufort, Justin Williams did deprive the victim Piggly Wiggly located on 1223 May River Road of goods by assisting Brandon Brown in an armed robbery by giving information when to [sic] a good time to come and how to avoid video surveillance. Justin Williams knew at closing that Brandon Brown was still in the store after closing and did not alert management therefore assisting in the armed robbery. The affiant and others will attest to the same.

(Arrest Warrant J-350115, which is incorporated into the petitioner's Answers to Court's Special Interrogatories [Entry No. 5]). The petitioner's Answers to Court's Special Interrogatories also reveal that a trial has not yet been held in the petitioner's pending criminal case. No appeal or application for post-conviction relief has been filed by the petitioner in connection with his pending criminal case.

# Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition (Entry No. 1) and petitioner's Answers to Court's Special Interrogatories (Entry No. 5) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and

3

Effective Death Penalty Act of 1996. The review[1] has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983); and <u>Boyce v. Alizaduh</u>, 595 F.2d 948 (4th Cir. 1979).[2] This court is required to construe *pro se* complaints, petitions, and pleadings liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, <u>Leeke v. Gordon</u>, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] <u>Boyce</u> has been held by some authorities to have been abrogated in part, on other grounds, by <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989)(insofar as <u>Neitzke</u> establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

4

case. See Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the Section 2241 petition in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

With respect to the pending criminal charges, the petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. See 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973)(exhaustion also required under 28 U.S.C. § 2241); and Moore v. De Young, 515 F.2d 437, 442-443 (3rd Cir. 1975)(exhaustion required under 28 U.S.C. § 2241). "It is the rule in this country that assertions of error in criminal proceedings must first be raised in

state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Beard v. Green, 523 U.S. 371, 375, 1998 U.S. LEXIS® 2465 (1998)(citing Wainwright v. Sykes, 433 U.S. 72 (1977)). Hence, pre-trial detainees in state criminal proceedings must exhaust their state remedies before seeking federal habeas corpus relief. Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980). Cf. Hamlin v. Warren, 664 F.2d 29, 30-32 & n. * (4th Cir. 1981), cert. denied, 455 U.S. 911 (1982).

The criminal charges in question are pending in the Court of General Sessions for Beaufort County and in the Municipal Court for the Town of Blufton. The Court of General Sessions for Beaufort County and the Municipal Court for the Town of Blufton are courts in the State of South Carolina's unified judicial system. See Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); City of Pickens v. Schmitz, 297 S.C. 253, 376 S.E.2d 271, 272, 1989 S.C. LEXIS® 5 (1989); Spartanburg County Dept. of Social Services v. Padgett, 296 S.C. 79, 370 S.E.2d 872, 875-876 & n. 1, 1988

6

S.C. LEXIS® 82 (1988); Cort Industries Corp. v. Swirl, Inc., 264 S.C. 142, 213 S.E.2d 445, 446 (1975); and State ex rel. McLeod v. Civil and Criminal Court of Horry County, 265 S.C. 114, 217 S.E.2d 23, 24 (1975).[3] The entity known as the South Carolina Court Administration operates the State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina. See Article V, Section 4 of the Constitution of the State of South Carolina; and Bailey v. State, 309 S.C. 455, 424 S.E.2d 503, 1992 S.C. LEXIS® 239 (1992).

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Harkrader v. Wadley, 172 U.S. 148, 169-170 (1898); Taylor v. Taintor, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);[4] Nivens v. Gilchrist, 319 F.3d 151, 2003 U.S.App. LEXIS® 2453 (4th Cir.

---

[3]County courts in the State of South Carolina no longer exist. Section 22 of Article V of the Constitution of the State of South Carolina (1973) allowed "any existing court" on the date of ratification to continue operating until Article V was fully implemented. State ex rel. McLeod v. Civil and Criminal Court of Horry County, 217 S.E.2d at 24 ("The Horry County Court is one of the courts continued in existence solely by virtue of the provisions of Section 22 of Article V.").

[4]Although the Supreme Court of the United States has not overruled Taylor v. Taintor, an unrelated portion of the decision in Taylor v. Taintor, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. See Green v. State, 829 S.W.2d 222, 223, 1992 Tex. Crim. App. LEXIS® 102 (Tex. Crim. App. 1992)("However, Taylor is not the law in Texas."), affirming Green v. State, 785 S.W.2d 955, 1990 Tex. App. LEXIS® 806 (Tex. App. Fort Worth 1990).

2003); and <u>Cinema Blue of Charlotte, Inc. v. Gilchrist</u>, 887 F.2d 49, 50-53 (4th Cir. 1989), *cert. denied*, 494 U.S. 1030, 108 L.Ed.2d 616, 110 S.Ct. 1479, 1990 U.S. LEXIS® 1399 (1990). In <u>Cinema Blue of Charlotte, Inc. v. Gilchrist</u>, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. <u>Cinema Blue of Charlotte, Inc. v. Gilchrist</u>, <u>supra</u>, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See also* <u>Bonner v. Circuit Court of St. Louis</u>, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied*, 424 U.S. 946 (1976). In <u>Bonner v. Circuit Court of St. Louis</u>, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

In any event, it is clear that the petitioner has not exhausted his state remedies. The judgment in the petitioner's criminal case will not become final

8

until he is convicted and sentenced. If the petitioner is convicted and sentenced in his pending criminal case, he has the remedy of filing a direct appeal. State v. Northcutt, ___ S.C. ___, ___ S.E.2d ___, 2007 S.C. LEXIS® 64, 2006 WESTLAW® 4069418 (S.C., February 20, 2007).[5] If his direct appeal is unsuccessful, the petitioner can file an application for post-conviction relief. See § 17-27-10, et seq., South Carolina Code of Laws. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal (petition for writ of certiorari) in that post-conviction case. See § 17-27-100, South Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985).[6]

It is well settled that a direct appeal is a viable state court remedy. Castille v. Peoples, 489 U.S. 346, 349-352, 103 L.Ed.2d 380, 109 S.Ct. 1056, 1989 U.S. LEXIS® 1040 (1989). Secondly, the United States Court of

---

[5] It is not clear why the WESTLAW® service has given Northcutt, which was decided in 2007, a 2006 WESTLAW® citation.

[6] The Supreme Court of South Carolina has authorized the South Carolina Court of Appeals to hear petitions for certiorari in post-conviction cases upon referral from the Supreme Court of South Carolina. See Supreme Court Order 2005-08 (C.O. 08 effective May 1, 2005), Shearhouse Advanced Sheet # 19; and Dunlap v. State, 2007 S.C. LEXIS® 41, 2007 WESTLAW® 416321 (S.C., January 31, 2007)("In appeals from criminal convictions **or post-conviction relief matters**, a litigant is not required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.").

9

Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 *et seq.*, South Carolina Code of Laws, is also a viable state-court remedy. See <u>Miller v. Harvey</u>, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and <u>Patterson v. Leeke</u>, 556 F.2d 1168, 1170-1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977). Applications for post-conviction relief are to be filed in the Court of Common Pleas for the county in which a South Carolina prisoner was convicted in a Court of General Sessions.

Since the petitioner has not been convicted and, hence, has yet to exhaust at least four viable state court remedies — a criminal trial, a direct appeal, an application for post-conviction relief, and (if necessary) an appeal in the post-conviction case, this court should not keep this case on its docket while the petitioner is exhausting his state court remedies. See <u>Galloway v. Stephenson</u>, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition." See *also* <u>Pitchess v. Davis</u>, 421 U.S. 482, 490 (1975); and <u>Lawson v. Dixon</u>, 3 F.3d 743, 749 n. 4, 1993 U.S.App. LEXIS® 21646 (4th Cir. 1993), *cert. denied*, 510 U.S. 1171, 127 L.Ed.2d 556, 114

10

S.Ct. 1208, 1994 U.S. LEXIS® 1917 (1994), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."

# Recommendation

Accordingly, it is recommended that the above-captioned case be dismissed *without prejudice* and *without requiring the respondent to file a return* because the petitioner has not exhausted his state court remedies. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); Toney v. Gammon, 79 F.3d 693, 697, 1996 U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal.,

March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the notice on the next page.

                                      Respectfully submitted,

February 26, 2007　　　　　　　　　Robert S. Carr
Charleston, South Carolina　　　　　United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).